**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Magis Nero, | No. CV-24-00482-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Lacee Collins, et al., | |
| Defendants. | |

Pro se Plaintiff Chris Magis Nero has filed a "Complaint for Violation of Federal and Constitutional Law, Breach of Contract, Failure to Comply with Performance Bond Obligations, and Demand for Indictment and True Bill under 15 U.S.C. §§ 1-2" (Doc. 1). Also before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 2), Application for Leave to Proceed in Forma Pauperis (Doc. 3), and Motion for Summary Judgment (Doc. 9). For the reasons stated below, the Court will deny Plaintiff's Application for Leave to Proceed in Forma Pauperis, dismiss without prejudice the Complaint for failure to state a claim, and deny the Emergency Motion for Temporary Restraining Order and Motion for Summary Judgment.

**I.    Application for Leave to Proceed in Forma Pauperis**

On September 27, 2024, Plaintiff filed an Application for Leave to Proceed in Forma Pauperis. Doc. 3. On October 4, 2024, before the Court ruled on the Application, Plaintiff paid the filing fee in full. *See* Doc. 7. As such, the Court will deny Plaintiff's Application for Leave to Proceed in Forma Pauperis as moot.

## II. Statutory Screening of a Pro Se Complaint

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2), notwithstanding the payment of any filing fee, the Court shall dismiss a case brought by a Plaintiff seeking *in forma pauperis* status if the Court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 566 at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Still, the Court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines a complaint could be cured by the allegation of additional facts, a pro se litigant is entitled to an opportunity to amend that complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

///

///

**B. Analysis**

The Complaint here is comprised almost entirely of generalized and conclusory statements. It never refers to conduct specific to any of the Defendants. In fact, it never refers to any of the Defendants by name, instead naming "Defendant(s)" generally in each allegation. *See, e.g.*, Doc. 1 at 2, 3. Further, within the body of the Complaint, Plaintiff names Lacee Collins and Chris Kamminua as Defendants but names Lacee Collins, Antony Blinken, and Vincent Sisneros in the caption. *Compare* Doc. 1 at 2, *with id.* at 1. Plaintiff asserts that Defendants "entered into a contractual relationship" governed by a number of standard forms prescribed by the Code of Federal Regulations for use in acquisitions. Doc. 1 at 2; *see* 48 C.F.R. §§ 53 et seq.  But he provides no context as to when these contracts were performed, the parties involved in the contracts, when and how they were breached, or any other factual information that *shows* rather than tells the Court that Defendants violated the law.[1] Plaintiff's allegations are thus too vague to provide the Court any guidance as to what claims Plaintiff is trying to state and against whom, let alone state a claim against any one defendant.

Should Plaintiff choose to amend his Complaint, he is encouraged to avoid blanket statements that Defendants violated the law. *See, e.g.*, Doc. 1 at 3 ("By conspiring to prevent the liquidation and operation of the bonds, Defendant(s) are attempting to monopolize a commercial process, in violation of 15 U.S.C. § 2."); *id.* at 4 ("These actions amount to racketeering under the [RICO] Act . . . ."); *id.* ("Plaintiff . . . has superior executive and commercial authority, which the Defendant(s) have unlawfully ignored or obstructed."). Plaintiff should simply inform the Court of what happened instead of telling the Court his *judgment* of what happened. Plaintiff is also reminded to be specific in his reference to the individual Defendants and acts that gave rise to this action. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding the dismissal of a complaint

---

[1] Plaintiff attaches to his Complaint nearly 100 pages of documents but never references these documents within the body of the Complaint. *See* Doc. 1-1 at 1–94. If Plaintiff wants the Court to consider this information to evaluate his claim, he must include it written into the allegations in the Complaint. Plaintiff is reminded that, at this stage, the Court construes the allegations in the Complaint as true, and as such, he should avoid attaching evidence to the Complaint.

that referred to all defendants "generally and categorically" because the plaintiff had failed to "allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (internal quotation omitted)); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

### C. Leave to Amend

For the foregoing reasons, the Court will dismiss all counts and Defendants without prejudice. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The first amended complaint must be retyped or rewritten in its entirety, and no part of the original Complaint may be incorporated by reference. Any cause of action raised in the original Complaint is waived if not alleged in the first amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## III. Emergency Motion for Temporary Restraining Order

In light of the dismissal without prejudice of the Complaint in its entirety, the Court will deny the Emergency Motion for Temporary Restraining Order as moot.

## IV. Motion for Summary Judgment

On October 9, 2024, before the Court completed the mandatory screening of Plaintiff's complaint, Plaintiff filed a Motion for Summary Judgment (Doc. 9). Similarly to the Complaint, the Motion for Summary Judgment fails to establish essential facts, spending more time telling the Court that the facts are undisputed. *See, e.g.*, Doc. 9 at 2 ("The facts surrounding the dishonor and default of the Defendants are undisputed and incontrovertible."). Further, the Court cannot entertain a motion for summary judgment until it screens the Complaint under 28 U.S.C. § 1915. *See Dews v. Cty. of Kern*, 599 F. App'x 681, 682 (9th Cir. Mar. 27, 2015) ("The district court properly denied [Plaintiff's] motions for summary judgment as premature" because the court had not yet screened his complaint under 28 U.S.C. § 1915). The Court will thus deny Plaintiff's Motion for

Summary Judgment as premature.

**V.     ORDER**

Accordingly,

**IT IS ORDERED**

1. **DENYING AS MOOT** Plaintiff's Application for Leave to Proceed in Forma Pauperis (Doc. 3).

2. **DISMISSING WITHOUT PREJUDICE** Plaintiff's Complaint (Doc. 1). Plaintiff may amend his Complaint within 30 days of this Order.

3. **DENYING AS MOOT** Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 2).

4. **DENYING WITHOUT PREJUDICE** Plaintiff's Motion for Summary Judgment (Doc. 9) as premature.

**Dated this 10th day of October, 2024.**

John C. Hinderaker
United States District Judge