**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Magis Nero, | No. CV-24-00482-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Lacee Collins, et al., | |
| Defendants. | |

On December 3, 2024, pro se Plaintiff/Appellant Chris Magis Nero filed a Notice of Appeal to the Ninth Circuit Court of Appeals (Doc. 23). Before the Court is Plaintiff's Motion for Fee Waiver (Doc. 24).

**I.   Background**

On September 27, 2024, Plaintiff brought an action against Defendants for "Violation of Federal and Constitutional Law, Breach of Contract, Failure to Comply with Performance Bond Obligations, and Demand for Indictment and True Bill Under 15 U.S.C. § 1-2." *See* Doc. 1. On October 11, 2024, the Court screened Plaintiff's Complaint as required under 28 U.S.C. § 1915(e)(2) and dismissed it without prejudice, allowing Plaintiff to file an amended complaint within 30 days of the date of the Order. Doc. 12 at 5. Disregarding the Court's instructions, Plaintiff filed various motions instructing the Court to rule in his favor, *see* Docs. 13, 20, 21, but failed to amend his Complaint. This is despite the Court reaffirming its instructions and Plaintiff's deadline to amend in a second Order on October 30, 2024. Doc. 16. The October 30 Order also reiterated that if Plaintiff failed

to amend his Complaint within the allotted timeframe, his action may be dismissed without further notice. Doc. 16 at 1–2. Two weeks after Plaintiff's deadline to amend his Complaint had expired, the Court issued an Order directing the Clerk of Court to close the case. Doc. 22.

## II. Discussion

### A. Federal Rules of Appellate Procedure

Under the Federal Rules of Appellate Procedure, a party who wishes to appeal a district court order in forma pauperis must file a motion in the district court and

> attach an affidavit that (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Plaintiff failed to attach the required affidavit. *See* Doc. 24. Further, his two-page motion gives no reasoning as to why he is unable to pay the fees and costs associated with appeal and provides only a vague list of authority that purportedly serve as a legal basis for his request. *See* Doc. 24 at 1–2.

### B. Frivolous Claims

Even had Plaintiff followed the Federal Rules of Appellate Procedure, the Court would still deny the Motion. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith if it seeks review of any issue that is non-frivolous. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A "good faith" appeal must seek review of at least one "non-frivolous" issue or claim. *Id.* An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitze v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," and factually frivolous claims are those premised on "clearly baseless" factual contentions. *Id.* at 327–28.

Here, it is unclear whether Plaintiff is appealing the Court's dismissal of his Complaint without prejudice or its Order directing the Clerk of Court to close the case.

Both arguments lack merit.

As discussed in the Court's screening order, the Court dismissed Plaintiff's Complaint because it "is comprised almost entirely of generalized and conclusory statements." Doc. 12 at 3. The Complaint fails to refer to conduct specific to any of the Defendants or provide any "context as to when [the alleged] contracts were performed, the parties involved in the contracts, when and how they were breached, or any other factual information that shows rather than tells the Court that Defendants violated the law." *Id.* As such, the Court found the Complaint to be "too vague to provide the Court any guidance as to what claims Plaintiff is trying to state and against whom, let alone state a claim against any one defendant." *Id. See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim [is plausible] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Though the Court gave Plaintiff an opportunity to amend his Complaint and state a claim, Plaintiff chose instead to file a series of miscellaneous motions despite the Court's explicit statement that "[u]nless and until [Plaintiff] files an amended complaint, any motion in this case will be premature." Doc. 16 at 1. As such, the Court exercised its discretion to "dismiss an action for failure to comply with [an] order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (upholding a district court's dismissal of a plaintiff's complaint for failing to comply with the court's order to amend).

Because Plaintiff has failed to comply with the Federal Rules of Appellate Procedure and to provide at least one non-frivolous issue or claim, the Court will deny Plaintiff's Motion and certify that the proposed appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Fee Waiver (Doc. 24). Plaintiff may seek leave to proceed in forma pauperis on appeal by filing such a motion in the Ninth Circuit Court of Appeals within 30 days of this Order's filing. Fed. R. App. P. 24(a)(5). Any such motion must include a copy of this Order and the affidavit prescribed by Federal

Rule of Appellate Procedure 24(a)(1). *Id.*

**IT IS FURTHER ORDERED certifying** that Plaintiff's Appeal (Doc. 23) is not taken in good faith.

**IT IS FURTHER ORDERED directing** the Clerk of Court to immediately notify Plaintiff and the Ninth Circuit Court of Appeals of this Order, pursuant to Fed. R. App. P. 24(a)(4).

Dated this 9th day of December, 2024.

John C. Hinderaker
United States District Judge